UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GORDON NIAMATALI,

    Plaintiff,

    vs.

STERLING SAVINGS BANK;
POWIS LLC, a corporation; and
UNITED STATES OF AMERICA

    Defendants.

NO. CV-08-138-JLQ

**ORDER GRANTING DEFENDANT UNITED STATES' MOTION TO DISMISS**

**BEFORE THE COURT** is Defendant United States of America's Motion to Dismiss, with prejudice. Ct. Rec. 7. Hearing was set for September 2, 2008, without oral argument. The motion was unopposed by the Plaintiff, Gordon Niamatali ("Niamatali"). The Government moves to dismiss the case under Fed. R. Civ. P. 12(b)(1), (2), (5) and (6).

    The IRS issued a Notice of Levy to Sterling Savings Bank on April 3, 2008. The levy covered all accounts held by Mr. Niamatali and Powis, LLC, his nominee. On May 21, 2008, Sterling returned the levy in the amount of $424,062.03. The action before this court was commenced by Mr. Niamatali on April 24, 2008.

    The Government initially argues that the Plaintiff's suit, brought subsequent to his filing of Chapter 13 bankruptcy in Nebraska, violates the automatic stay triggered by such filing, and is void as a consequence. 11 U.S.C. § 362(a)(1) prohibits "the

ORDER - 1

commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title..." It is true that the automatic stay "may not be waived and its scope may not be limited by the debtor" because the stay serves the interests of both the creditors and the debtor. *Maritime Electric Co., Inc., v. United Jersey Bank*, 959 F.2d 1194, 1204 (3rd Cir. 1991). However, the "[a]utomatic stay applies only to proceedings against the debtor, under its clear language, and does not address actions brought by the debtor which would inure to benefit of bankruptcy estate." *Maritime*, 959 F.3d at 1204. The 9th Circuit held the same. "The automatic stay is applicable only to proceedings against the debtor." *In re Miller,* 397 F.3d 726, 729 (9th Cir. 2005). The 7th Circuit elaborated:

> [T]he automatic stay is inapplicable to suits *by* the bankrupt...This appears from the statutory language, which refers to actions 'against the debtor,' 11 U.S.C. § 362(a)(1)...and from the policy behind the statute, which is to protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors (citations omitted). The fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other (citations omitted), and the automatic stay is essential to accomplishing this purpose. There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights. *Martin-Trigona v. Champion Federal Sav. and Loan Ass'n,* 892 F.3d 575, 577 (7th Cir. 1989).

Based on the clear language in 11 U.S.C. § 362(a)(1), the automatic stay only blocks suits against the debtor, not those initiated by the debtor. This interpretation has been upheld by the courts, and is consistent with the policy behind the automatic stay. Accordingly, the automatic stay does not prohibit the filing of Mr. Niamatali's suit nor render it void.

*Rule 12(b)(1) - Lack of Subject Matter Jurisdiction*

In his complaint, the Plaintiff asserts subject matter jurisdiction over Defendant United States ("U.S.") on twelve different theories. Ct. Rec. 1. None are valid, therefore Defendant United States' Motion to Dismiss shall be granted, but without prejudice.

"[T]he United States, as sovereign, is immune from suit save as it consents to be

ORDER - 2

sued..." *U.S. v. Marshall,* 435 U.S. 535, 538, 100 S.Ct. 1349 (1980). "Thus, except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States.' " *U.S. v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948 (1976). Accordingly, the burden is on Mr. Niamatali to assert valid grounds on which the United States has consented to be sued.

The first theory of jurisdiction is 26 U.S.C. § 7429 - Review of jeopardy levy or assessment procedure. This theory of jurisdiction fails because the statute provides for judicial review of a jeopardy levy or assessment, not a nominal one. The levy issued by the IRS in this case was nominal, and the Plaintiff did not assert otherwise. Ct. Rec. 1, Ex. A.

The second theory of jurisdiction is 26 U.S.C. § 7433 - Civil damages for certain unauthorized collection action. This statute allows the United States to be sued for the reckless actions of an officer or employee of the Internal Revenue Service. However, the statute requires that administrative remedies be exhausted prior to the initiation of a court action. 26 U.S.C. § 7433(d)(1). The IRS has not received a written claim from Mr. Niamatali, nor has he asserted that one was filed. Therefore, this theory of jurisdiction fails.

The third theory of jurisdiction is 28 U.S.C. § 2410(a)(1). "[T]he United States may be named a party in any civil action or suit in any district court...having jurisdiction of the subject matter---to quiet title to, real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(b) puts forth detailed pleading requirements necessary to state a valid claim under § 2410. Plaintiff fails to meet these further pleading requirements, as he merely mentions § 2410 with no further elaboration or claim for relief. Though appearing remediable, this theory of jurisdiction fails as presently constituted.

The fourth theory of jurisdiction is 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the

ORDER - 3

Constitution, laws, or treaties of the United States."  Even though federal law is in question in the case at hand, the United States maintains its sovereign immunity unless it is statutorily waived.  *Marshall,* 435 U.S. at 538.  28 U.S.C. § 1331 alone, without a separate statutory waiver of sovereign immunity, is not sufficient to establish jurisdiction.

The fifth theory of jurisdiction is 28 U.S.C. § 1332.  Mr. Niamatali argues that diversity jurisdiction is proper because the United States is a citizen of Washington, D.C., and he is a resident of Nebraska, therefore they are "citizens of different States" under 28 U.S.C. § 1332(a)(1).  However, agencies or instrumentalities of the federal government are not citizens of any particular state for diversity purposes.  *Hancock Financial Corp. v. Federal Sav. and Loan Ins. Corp.,* 492 F.2d 1325, 1329 (9th Cir. 1974).  Accordingly, there is no diversity between the parties and this theory of jurisdiction fails.

The sixth theory of jurisdiction is 28 U.S.C. § 1340, which gives the district courts jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade."   Even though an Act of Congress providing for internal revenue is in question in the case at hand, the United States maintains its sovereign immunity unless it is statutorily waived.  *Marshall,* 435 U.S. at 538.  28 U.S.C. § 1340 alone, without a separate statutory waiver of sovereign immunity, is not sufficient to establish jurisdiction.

The seventh theory of jurisdiction is 28 U.S.C. § 1346, which gives the district courts jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws..."  28 U.S.C. § 1346(a)(1).  However, I.R.C. § 7422(a) stipulates that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal

ORDER - 4

revenue tax alleged to have been erroneously or illegally assessed or collected...until a claim for a refund or credit has been duly filed with the Secretary..." The requisite jurisdictional procedure has been addressed in the 9th Circuit. "The sole judicial avenue for recovery of taxes already paid is a taxpayer refund suit. Although the district courts have jurisdiction to entertain such suits under 28 U.S.C. § 1346(a)(1), they may do so only after the taxpayer has (a) fully paid the assessment, (b) filed an administrative claim, and (c) either received a denial of his claim or waited six months without an answer." *Fleharty v. U.S.,* 922 F.2d 844 (9th Cir. 1991). Mr. Niamatali has taken none of the required steps, and therefore the United States has not waived its sovereign immunity under 28 U.S.C. § 1346. Accordingly, this theory of jurisdiction fails.

      The eighth theory of jurisdiction is 28 U.S.C. § 1348, which stipulates that "[t]he district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association..." Mr. Niamatali is neither the United States nor an officer thereof, therefore this basis for jurisdiction fails.

      The ninth theory of jurisdiction is 28 U.S.C. § 1367, which grants any district court supplemental jurisdiction over any claims related to an action over which the district court has original jurisdiction. However, this statute does not by itself waive the United States' sovereign immunity and therefore is not a valid basis for jurisdiction.

      The tenth theory of jurisdiction is 28 U.S.C. § 3002(15)(A). This statute states that " 'United States' means--a Federal corporation." This statute defines terms used in the Federal Debt Collection Procedure Act, and does not provide a statutory basis for the waiver of sovereign immunity by the United States. Accordingly, this theory of jurisdiction fails.

      The eleventh theory of jurisdiction is 12 U.S.C. § 95a. This statute, entitled "Regulation of transactions in foreign exchange of gold and silver; property transfers; vested interests, enforcement and penalties," details some of the powers afforded the United States in banking, but presents no cause of action and is not a statute under which

the United States waives its sovereign immunity and consents to be sued.  Therefore, this theory of jurisdiction fails.

The twelfth and final theory of jurisdiction put forth by Mr. Niamatali is 12 U.S.C. § 4010, which gives a cause of action to any person against "any depository institution which fails to comply with any requirement imposed under this chapter or any regulation prescribed under this chapter."  This statute does not waive the United States' sovereign immunity, therefore this theory of jurisdiction fails.

*Rule 12(b)(2) & 12(b)(5) - Lack of Personal Jurisdiction & Insufficient Service of Process*

The United States asserts that personal jurisdiction is lacking because Mr. Niamatali did not serve process on the Internal Revenue Service, the relevant agency of the United States Government in the case at hand.  Fed. R. Civ. P. 4(i)(1)(C) states that "if the action challenges an order of a non-party agency or officer of the United States, [a party must] send a copy of each [summons and complaint] by registered or certified mail to the agency or officer."

Mr. Niamatali served the United States Attorney for the Eastern District of Washington, as required by Fed. R. Civ. P. 4(i)(1)(A)(i), on April 24, 2008.  Ct. Rec. 8, p. 6.  However, he did not claim to serve, nor was process received by, the Internal Revenue Service.  *Id.*  Therefore, process was insufficient, and personal jurisdiction over the United States is lacking.

*Rule 12(b)(6) - Failure to State a Claim*

The court does not reach a discussion of the validity of the claims themselves because of the lack of jurisdiction discussed above.  "A court that lacks jurisdiction over a particular subject matter is foreclosed by definition from saying anything on the merits of that subject matter; the court simply lacks power to proceed." *Wages v. I.R.S.,* 915 F.2d 1230, 1235 (9th Cir. 1990).

Consequently, a court that concludes that subject matter jurisdiction is lacking has no power to rule on the merits of a case. "[D]ismissal based on failure to state a claim

ORDER - 6

requires a judgment on the merits and cannot be decided before the court assumes jurisdiction....A judgment dismissing an action for failure to state a claim is a judgment on the merits. *Citations omitted."* *Wages,* 915 F.2d at 1234.

*Conclusions*

The Plaintiff's claims against the United States must be dismissed for several reasons. First, the Plaintiff has not served the IRS as required by Federal Rule of Civil Procedure 4(i)(1)(C). Second, because of the insufficiency of service of process, the Court lacks personal jurisdiction over the United States. Third, the Court lacks subject matter jurisdiction. The United States is not amenable to suit absent a waiver of its sovereign immunity and no such waiver has been established by Mr. Niamatali. However, the suit itself was not filed in violation of the automatic stay as the Government contends. Therefore, the Plaintiff's suit should be dismissed as to Defendant United States without prejudice, as judgment on the merits by this court is inappropriate given the lack of both personal and subject matter jurisdiction.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant United States' Motion to Dismiss (Ct. Rec. 7) is **GRANTED** without prejudice.

**IT IS SO ORDERED.** The Clerk of this court shall enter this Order, enter judgment of dismissal as to the United States without prejudice, forward copies to all parties and upon entry of the Order of this date dismissing Sterling Savings, close this file.

**DATED** this 17th day of October 2008.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
