UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GORDON NIAMATALI,<br><br>　　Plaintiff,<br><br>vs.<br><br>STERLING SAVINGS BANK;<br>POWIS LLC, a corporation; and<br>UNITED STATES OF AMERICA<br><br>　　Defendants. | NO. CV-08-138-JLQ<br><br>**ORDER GRANTING DEFENDANT STERLING SAVINGS BANK'S MOTION FOR SUMMARY JUDGMENT** |

**BEFORE THE COURT** is Defendant Sterling Savings Bank's ("Sterling") Motion for Summary Judgment. Ct. Rec. 11. The Defendant also seeks costs and fees. Hearing was set for September 2, 2008, without oral argument. The motion was unopposed by the Plaintiff, Gordon Niamatali ("Niamatali").

　　The IRS issued a Notice of Levy to Sterling Savings Bank on April 3, 2008. The levy covered all accounts held by Mr. Niamatali and Powis, LLC, his nominee. On May 21, 2008, Sterling returned the levy in the amount of $424,062.03. The action before this court was commenced by Mr. Niamatali on April 24, 2008.

*Summary Judgment*

　　A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Such genuine issue of material fact exists where there is "sufficient

ORDER - 1

evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

When applying the summary judgment standard, the court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). However, "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex,* 477 U.S. at 324. The non-moving party must do more than show that there is some abstract doubt as to the material facts. "...summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

Under 26 U.S.C. § 6332(a), "[A]ny person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary..." The statute goes on to provide immunity for such holder of property against the delinquent tax payer. "Any person in possession

(or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary...shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." 26 U.S.C. § 6332(e). "Current § 6332(e)...provides the third party an absolute defense against any subsequent claim by a 'delinquent taxpayer or any other person.' " *U.S. v. Hemmen*, 51 F.3d 883, 888 (9th Cir. 1995).

It is undisputed that the IRS issued a levy on Mr. Niamatali's accounts to Sterling Savings Bank. Ct. Rec. 1, Ex. A. Accordingly, Sterling was required by 26 U.S.C. § 6332(a) to honor the levy, which they did. *Id.* After honoring the levy, Sterling is protected from any action by Mr. Niamatali as a delinquent tax payer by 26 U.S.C. § 6332(e) and *Hemmen*. There are no issues of material fact, and Sterling is statutorily protected from Mr. Niamatali's claims.

*Costs and Attorney's Fees*

At the conclusion of its motion for summary judgment, Sterling asks the court to award costs and fees. Fed. R. Civ. P. 54(d)(1) allows costs, other than attorney's fees, to be awarded to the prevailing party, as long as they are not prohibited by statute, the Federal Rules of Civil Procedure, or a court order. Given the absence of such prohibition, the awarding of costs is likely appropriate in this case. However, the Defendant has requested no amount, and further information would have to be submitted to the court for it to be able to appropriately render an award of costs.

Regarding attorney's fees, Fed. R. Civ. P. 54(d)(2)(A) requires that such a request must be made by motion. Even liberally construing the Defendant's request at the conclusion of its motion for summary judgment as a motion for attorney's fees, Fed. R. Civ. P. 54(d)(2)(B)(ii) requires that the motion "specify the judgment and the statute, rule, or other grounds entitling the moving party to the award..." None of these requirements are met in the Defendant's request. Accordingly, the court shall not award

ORDER - 3

attorney's fees to the Defendant.

In the alternative, the likeliest statutory avenue by which Sterling could have pursued recovery of attorney's fees would have been 26 U.S.C. § 7430(a)(2), since Mr. Niamatali's claim arose under the Internal Revenue Code.  Under this statute, "the prevailing party may be awarded a judgment or a settlement for- - reasonable litigation costs incurred in connection with such court proceeding."  26 U.S.C. § 7430(c)(1)(b)(iii) includes attorney's fees in the definition of "reasonable litigation costs."  However, this statute only provides for recovery of attorney's fees by a taxpayer who prevails against the United States.  "An award under subsection (a) shall be made only for reasonable litigation and administrative costs which are allocable to the United States and not to any other party."  26 U.S.C. § 7430(b)(2).  This conclusion was reached in United States Tax Court.  "Section 7430 provides that, subject to certain conditions, a *taxpayer* who prevails *against the Government* in any Federal tax proceeding (administrative or judicial) may recover reasonable costs, including attorney's fees, paid or incurred in connection with such proceeding if the Government's position in the proceeding was not substantially justified."  *Hoyt W. v. C.I.R.,* T.C. Memo. 2006-189 (U.S. Tax Ct. 2006)(emphasis added). In this decision, Sterling prevails on the merits against Mr. Niamatali, not the Government.  Accordingly, Sterling could not recover attorney's fees under 26 U.S.C. § 7430(a).

**IT IS HEREBY ORDERED**:

1. Defendant Sterling Savings Bank's Motion for Summary Judgment (Ct. Rec. 11) is **GRANTED**.

**IT IS SO ORDERED.**  The Clerk of this court shall enter this Order, enter judgment of dismissal with prejudice as to Sterling Savings Bank, forward copies to all parties, and close this file.

**DATED** this 17th day of October 2008.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE